265

A. E. Andersen
vs.                    } No. 4251
John O'Connor et al.

DECISION

January 25, 1919

DORAN, J. Of the extras claimed it appears that the beam ceiling, mantel and window seats were indicated on a plan exhibited to Mr. Collinge before the contract for the House was made and that the Lincusta paper, gas log and tiles for same were not so indicated though he was told to figure on the log and tiles.

The jury cut plantiff's claim. The amount of the verdict can be reached by excluding charge for beam ceiling and allowing interest from some date in the summer of 1916. There are circumstances about the case that might well call for careful consideration by the jury. They made some allowance. I do not see that I can go further without assuming to decide what testimony should be believed and what, not.

Motion for new trial denied.

For plaintiff: Edwards & Angell.

For defendant: Stone & Lovejoy.

---

266

Max M. Warshaw
vs.                    } Eq. No. 4516
Ingard E. Bergstrom
et al.

RESCRIPT

February 1, 1919

TANNER, P. J. This is a bill brought to reform a deed of real estate and is heard upon prayer for a preliminary injunction.

The deed conveyed a piece of land 50 by 100 feet, but the bill alleges that the grantors fraudulently represented that the premises to be conveyed included an additional strip of land, xetending 100 feet and varying in width from 5 to 5½ feet, adjacent to the premises actually conveyed, and extending then to a fence which was represented to be the boundary of the lot to be conveyed.

While the almost unbroken line of decisions in this country is that a deed may be reformed to include additonal land orally agreed to be conveyed, the contrary is decided in the case of Macomber vs. Peckham, 16 R. I. 485. This case has never been overruled. as far as we can find by examination of Shepard's Citations. We are therefore bound by it.

It is also difficult for us to see how we could reform a deed so as to make the husband of the grantor, who merely signed the deed to release courtesy, make a deed of the additional land for which he has an agreement to convey. Even if he be the equitable owner of this additional land, he has not made a written agreement to convey anything, but has merely released his right to the land acquired in the deeds.

The injunction must therefore be denied.

For complainant: Alfred G. Chaffee

For respondent: Curtis & Ball and A. Gorman.